COPY

Exhibit "A"

DIANA ZALESKI
2004 JAN 26 PM 12:08
SUMMIT COUNTY
CLERK OF COURTS

MUNICIPAL COURT OF

2003 DEC -2 A 9 57　PIF

CUYAHOGA FALLS, OHIO

IN THE CUYAHOGA FALLS MUNICIPAL COURT
SUMMIT COUNTY, OHIO

CHARLES R. BURNS )   CASE NO. 03-E-3375
) 2004-01-0173
　　　Plaintiff )   JUDGE
) ASSIGNED TO JUDGE SHAPIRO
vs. )
)
KENNETH B. KREITZBURG )   DEFENDANT'S ANSWER AND
)   COUNTERCLAIM
　　　Defendant )
) (Jury Demand Endorsed Hereon)

Now comes Defendant, Kenneth B. Kreitzburg ("Kreitzburg"), and for his Answer to the Complaint filed herein by Plaintiff, does hereby admit, deny, state and allege as follows:

### COUNT ONE - ACCOUNT

1. Kreitzburg admits the allegations set forth in Paragraphs 1 and 2 of the Complaint.

2. Kreitzburg denies each and every allegation set forth in Paragraphs 3 through 7 of the Complaint.

3. Kreitzburg denies each and every allegation set forth in the Complaint which is not herein expressly admitted to be true.

### AFFIRMATIVE DEFENSES

1. As his First Affirmative Defense, Kreitzburg states that the Complaint fails to state a claim upon which relief may be granted.

2. As his Second Affirmative Defense, Kreitzburg states that the claim which Plaintiff attempted to set forth in the Complaint is barred in whole or in part by reason of the fact that Plaintiff had falsely imprisoned and unlawfully detained Kreitzburg by blocking Kreitzburg's vehicle in a

(5)

COPY

driveway and failing and refusing to permit Kreitzburg to leave and thereby forcing and justifying Kreitzburg to use reasonable force to secure his freedom from and depart the presence of Plaintiff.

3. As his Third Affirmative Defense, Kreitzburg states that the claim which Plaintiff attempted to set forth in the Complaint is barred in whole or in part under the doctrines of provocation, serious provocation, self defense, justification, sudden passion and/or fit of rage.

## COUNTERCLAIM

For his Counterclaim against Plaintiff, James R. Burns, dba Brookstone, Ltd. ("Burns" or "Plaintiff"), Kreitzburg does hereby make the following averments, statements and allegations:

## INTRODUCTION

1. During February, 2002, KBK Carpentry, Inc. ("KBK"), an Ohio corporation wholly owned by Kreitzburg, and Burns entered into an agreement ("Agreement") pursuant to which they agreed to merge their construction businesses into a general partnership ("Partnership"), the purpose of which Partnership was to carry on a residential/home improvement construction business, the acquisition of a building located at 1696 East Market Street, Akron, Ohio ("Building"), and the development of three parcels of property allegedly owned by Burns.

2. In order to induce Kreitzburg to cause KBK to enter into the Partnership, Burns made the following material misrepresentations to Kreitzburg and KBK:

   (a) That Burns had entered into a lease entitling him to purchase the Building;

   (b) That Burns owned three parcels of real property that would be developed by the Partnership;

   (c) That Burns owned and operated satellite offices in Pittsburgh, Pennsylvania, Virginia Beach, Virginia, Murphy Burrow, Tennessee, and Reno, Nevada;

2

(d) That Burns had a college degree in accounting; and

(e) That Burns would "be upfront" with KBK and Kreitzburg in the operation of the business of the Partnership.

3. In addition, in order to induce Kreitzburg to cause KBK to enter into the Partnership, Burns concealed from Kreitzburg and KBK the fact that Burns had continuing, severe financial difficulties stemming from a personal bankruptcy that had been filed by him.

4. From and after the formation of the Partnership, and without authority from KBK or Kreitzburg to do so, Burns ordered in Kreitzburg's name, took delivery of, converted to his own use and purposes and failed to pay for, several thousands of dollars of construction materials sold and delivered by Carter-Jones Lumber Co., 84 Lumber, Modern Builders Supply, Inc. and other materials suppliers, all as directed by Burns.

5. As a result of such materials being ordered and converted without authority or payment as aforesaid, Kreitzburg has had litigation initiated and/or threatened against him by several of said materials suppliers and has been forced to expend his personal funds to resolve said complaints by such suppliers.

6. During February, 2002, Kreitzburg and Burns entered into a verbal agreement pursuant to which Kreitzburg performed and/or provided trim work, flooring, tile, cabinetry and other labor and materials in connection with the construction of a 25' x 30' addition ("Addition") to certain property owned by Tara and Thomas Aidala ("Aidalas") and located at 3581 Charring Cross Drive, Stow, Ohio ("Property"), and Burns agreed to pay Kreitzburg for such work.

7. The value of the work and materials performed and provided by Kreitzburg in completing the Addition is at least Nine Thousand Six Hundred Dollars ($9,600.00).

3

COPY

8. Kreitzburg performed all of his services under the verbal agreement with Burns in connection with the construction of the Addition, has made due demand on Burns for payment promised to him for work and materials provided by him in connection with the construction of such Addition, and Burns has failed and refused to pay Kreitzburg for the same.

9. As an excuse for his failure to make payment owing to Kreitzburg under the aforesaid verbal agreement for the construction of the Addition, Burns intentionally, knowingly and with intent to mislead Kreitzburg misrepresented to Kreitzburg that he had not been paid in full by the Aidalas for the construction of the Addition.

10. In justifiable reliance of such misrepresentation by Burns, Kreitzburg initiated suit against, incurred the unnecessary time and expenses of and ultimately dismissed a lawsuit against the Aidalas for unjust enrichment, which lawsuit could not be continued because it was learned in the discovery that the Aidalas had paid Burns in full for the Addition.

## COUNT ONE

11. Kreitzburg incorporates in this Count One, each and every one of the averments, statements and allegations set forth in Paragraphs 1 through 10 of this Counterclaim.

12. Burns' misrepresentations to Kreitzburg and KBK regarding Burns, the Building, the properties allegedly owned by Burns and the satellite offices allegedly owned and operated by Burns, and other misrepresentations made by Burns, were all false.

13. By failing to disclose to Kreitzburg and KBK that he had severe financial difficulties resulting from a previous bankruptcy, Burns falsely concealed and falsely misrepresented his financial condition from and to Kreitzburg and KBK.

4

COPY

14. Said concealment and misrepresentations were made by Burns knowingly, willfully, maliciously, intentionally and fraudulently for the purposes of inducing Kreitzburg to cause KBK to, were material to the decision of Kreitzburg to cause KBK to, and were justifiably relied upon by Kreitzburg in deciding and determining to cause KBK to enter into the Agreement for and the Partnership with Burns, and for the purpose of inducing, were material to and relied upon by Kreitzburg in determining and deciding to pursue litigation against the Aidalas.

15. As a direct and proximate result of the fraudulent concealments and misrepresentations made by Burns, Kreitzburg has sustained compensatory, special and other damages in an amount to be adduced at the trial of this action and believed to be not less than Fifty Thousand Dollars ($50,000.00).

COUNT TWO

16. Kreitzburg incorporates in this Count Two, each and every one of the averments, statements and allegations set forth in Paragraphs 1 through 15 of this Counterclaim.

17. Burns was without authority to contract using the credit of Kreitzburg for the purchase of products from the material suppliers.

18. As a result of Burns having so contracted with such suppliers, and as a result of Burns having failed and refused to pay the amount of the purchase price for the goods delivered to him by such suppliers, the credit of Kreitzburg has been damaged and Kreitzburg has incurred costs and expenses necessary to defend against litigation threatened and/or initiated by such suppliers.

19. As a direct and proximate result of the aforesaid wrongful acts and omissions by Burns, Kreitzburg has sustained compensatory, special and other damages in an amount to be adduced at the trial of this action and believed to be not less than Twenty Thousand Dollars ($20,000.00).

5

## COUNT THREE

20. Kreitzburg incorporates in this Count Three, each and every one of the averments, statements and allegations set forth in Paragraphs 1 through 19 of this Counterclaim.

21. Kreitzburg has performed all of his obligations under the verbal agreement pursuant to which he provided materials and services in connection with the construction of the Addition at the Property for the Aidalas.

22. Burns has breached his agreement to pay Kreitzburg for the value of such services.

23. As a result of such breach by Burns, Kreitzburg has sustained compensatory damages in an amount to be adduced at the trial of the within action and believed to be not less than Nine Thousand Six Hundred Dollars ($9,600.00).

WHEREFORE, having fully answered the Complaint, Kreitzburg prays that the Complaint be dismissed with prejudice at Plaintiff's cost, and that judgment by granted against Burns and in favor of Kreitzburg on the Counterclaim as follows:

A. On Count One, for judgment in the amount of compensatory, special and other damages to be adduced at the trial of this action and believed to be not less than Fifty Thousand Dollars ($50,000.00), plus punitive damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest thereon.

B. On Count Two, for judgment in the amount of compensatory, special and other damages in an amount to be adduced at the trial of this action and believed to be not less than Twenty Thousand Dollars ($20,000.00), plus interest thereon.

C. On Count Three, for judgment in the amount of compensatory damages in an amount to be adduced at the trial of this action and believed to be not less than Nine Thousand Six Hundred Dollars ($9,600.00), plus interest thereon.

6

COPY

D. On all Counts, for judgment for Kreitzburg's attorney's fees and for such other and further relief as this Court shall determine to be just and equitable in the circumstances.

Respectfully submitted,

Joseph E. Oliver, Esq. (0014298)
JOSEPH E. OLIVER, CO.
Attorney for Kreitzburg
809 White Pond Drive, Suite B2
Akron, Ohio 44320
(330) 869-9944

## JURY DEMAND

Now comes Kreitzburg pursuant to Ohio Rule of Civil Procedure 38 and hereby demands trial by jury on all issues raised in the captioned action as to which there is a right to trial by jury.

Joseph E. Oliver, Esq. (0014298)

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by regular U.S. mail upon James R. Burns, 1551 Evergreen Drive, Aurora, Ohio 44301 on this 26th day of November, 2003.

Joseph E. Oliver, Esq. (0014298)