IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | Chapter 7 |
| JAMES RONALD BURNS | Adversary Case No._____ |
| (& d.b.a. Brookstone G.C. by Design, Inc.) | |
| Debtor | Case No. 15-52933 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HOWARD JONES | Judge Alan Koschik |
| VICKI JONES | |
| 5228 Wayland Road | |
| Ravenna, Ohio 44266 | |
| Plaintiffs | **COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a) (2), (4) and (6)** |
| vs. | |
| JAMES RONALD BURNS | |
| 1573 Willimantic Drive | |
| Virginia Beach, VA 23456 | |
| Defendant | |

_____

Now come Plaintiffs, Howard Jones & Vicki Jones, by and through counsel, and for their Complaint against James R. Burns, states:

1. This Court has subject matter jurisdiction over the within adversary proceeding pursuant to Title 28, U.S. Code, Sections 1334 and 157.

2. This Court also has jurisdiction over this proceeding pursuant to Title 28 U.S.C. Section 1334, in that this proceeding arises in bankruptcy case no. 15-52933-amk

filed by James Ronald Burns under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

3. This is a core proceeding pursuant to Title 28, U.S. Code Section 157.

4. Plaintiffs are creditors of the Defendant in the within case which was filed on December 7, 2015.

5. This Court imposed a deadline of April 4, 2016 for the filing of Complaints to Determine the Dischargeability of Debts.

6. This is an adversary proceeding to determine the non-dischargeability of Defendant's debt to the Plaintiffs.

7. Defendant is indebted to the Plaintiffs in the sum of approximately $99,502.97 plus court costs of $568.00 as a result of fraudulent misrepresentations, concealments and conversions made and other actual fraud willfully and maliciously committed by Defendant to the injury of Plaintiffs in connection with and to induce Plaintiff's to enter into a contract with Defendant; all as more fully set forth in the Counterclaim filed against Defendant in Portage County Court of Common Pleas, Case No. 2015 CV 00105 (Exhibit A). Said case was stayed as a direct result of the within bankruptcy filing of the debtor-defendant.

**FACTUAL BACKGROUND**

1. Defendants, Howard L. Jones Jr. and Vicki L. Jones owned a home located at 4134 Rockspring Road, Ravenna, Portage County, Ohio. Said home was completely destroyed by a fire on November 8, 2013. The entire home was lost along with its contents.

2. Plaintiffs would represent that they along with the Defendant, Burns entered into a written contract for the reconstruction and refurbishing of their home located at 4134 Rockspring Road, Ravenna, Portage County Ohio. (see Exhibit B)
3. Plaintiffs would state that Burns began work on their home but failed to complete the work and did not perform the construction on Defendants' home in a workmanlike manner and never began construction on the pole style garage. Draws were taken on the work for a total of $93,395.51 as of July, 2014.
4. Plaintiffs further state that on April 14, 2014 Defendant-Burns received additional monies directly from Allstate Insurance, namely a payment in the amount of $15,700.00 for the additional square footage required per the updated building code and the replacement of the septic system; and a sum of $8,846.00 for the demolition of the damaged/burned home.
5. Plaintiffs state that Defendant Burns misrepresented to the Plaintiff's and Plaintiff's mortgage holder, HSBC the amount of work that had been completed on the home to obtain their draws. Upon the realization that Defendant was making fraudulent misrepresentations to Plaintiff's mortgage holder, Plaintiff's immediately contacted mortgage holder to cease any and all dealings with Defendant. Funds are now being held by HSBC in the approximate amount of $72,000.00, which should be turned over to the Plaintiff's, Howard and Vicky Jones. However, HSBC refuses to release the funds to the Plaintiff's due to (1) the written contract between Plaintiff and Defendant, (2) pending suit Case No. 2015 CV 00105; (3) the within bankruptcy, case no. 15-52933.

6. Plaintiff's would represent that Defendant failed to properly complete the concrete in the basement and the exterior of the home and the entire foundation must be dug up and replaced with the correct backfill;
   a. the gable ends need to be torn off and replaced because they are warped beyond 2";
   b. the floors were beginning to mold;
   c. the plumbing had not been finished;
   d. the heating had not been installed;
   e. complete inspections had not been completed properly;
7. A significant amount of funds have been paid by Plaintiffs, Howard and Vicky Jones out of pocket to pay for materials and sub-contractors towards the repairs and completion of the home with much still to be done.
8. Defendants, Howard & Vicky Jones, have expended personal funds and paid contractors for the breach of contract Defendant Burns herein, to wit:

   | | | |
   |---|---|---|
   | a. | Lowes: paint, flooring, doors, kitchen cabinets | $22,998.00 |
   | b. | Advanced Plumbing, Inc. | $ 9,000.00 |
   | c. | 24/7 Mechanical Company LLC HVAC | $ 8,600.00 |
   | d. | Garage Door | $ 1,479.00 |
   | e. | Clegg Concrete Construction | $ 8,600.00 |
   | f. | Kozma Electric Co. | $ 9,000.00 |
   | g. | Carpeting | $ $1,925.49 |
   | | Total | $ 61,502.97 |

9. Plaintiff's state that Defendant-Burns removed building materials, purchased from insurance funds for the reconstruction and refurbishing of the home, from the Defendants' property, to wit:

a. Siding
   b. Shingles
   c. Block
   d. Drywall
   e. Basement windows
   f. Lights
   g. Lumber
   h. Exhaust fans
   i. Window screens
   j. Insulation
   k. Hauled loads of dirt off property

10. Plaintiffs would further state that when Defendant-Burns was notified by Certified U.S. Mail on September 30, 2014 that due to his actions he was no longer to be involved on the job.

11. As a direct result of the above, Burns removed the aforesaid building materials that had been paid for by Plaintiffs from the homesite and despite demands, refused to return them.

12. Plaintiffs state that Defendant-Burns, on October 21, 2014 filed an Affidavit for Mechanics' Lien in the amount of $76,300.42 against Plaintiffs' property located at 4134 Rockspring Road, Ravenna, Ohio 44266. Said Lien is Instrument No. 201415964 as recorded in the Office of the Portage County Recorder. Said Lien is fictitious and totally false.

13. On February 9, 2015 Defendant-Burns/Brookstone filed suit against the Plaintiffs to attempt to collect on the fraudulently filed Mechanic's Lien. Plaintiff's herein filed an Answer, Counter-Claim and 3rd Party Complaint (Exhibit C).
14. Defendant Burns did not list the Mechanic's Lien in his schedules, nor did he disclose the Plaintiff's property that he had taken possession of by his removal from their property.
15. Defendant-Burns purchased through Carter Jones Lumber materials and items not necessary or approved by Plaintiffs for their home. Said items were delivered to the Plaintiff's property and then returned to Carter-Lumber by the Defendant for cash instead of credit against the account. Said amount totaled $4,471.69. Defendant also purchased 3 ladders and a ¼ hp utility pump which total $190.99, again retained by the Defendant.
16. Carter Jones Lumber Company filed suit against Defendant-Burns in Portage County Case No. 2015 CV 00317 (Exhibit D). Said Complaint, on its Exhibits lists the within Plaintiff (Jones) and several other parties for purchases and returns. Said suit was stayed due to the within bankruptcy. Defendant fails to list this lawsuit in his Statement of Financial Affairs.
17. Plaintiff's herein have filed criminal charges against Defendant for fraud and theft and the same is being reviewed by the Portage County Prosecutor's Office. Defendant has pending criminal charges on an indictment in Portage County for theft from another creditor.

WHEREFORE, Plaintiffs pray that this Court determine that Defendant's debt to Plaintiffs in an amount of approximately $99,502.97 along with statutory interest plus court costs of $568.00 and the items charged in the amount of $190.99 be excepted from discharge pursuant to 11

U.S.C. §523(a) (2), (4) and (6); that this Court issue an order releasing the Mechanic's Lien from Plaintiff's property; and a judgment against Defendant and in favor of Plaintiffs' for said amounts, for the costs of this proceeding, for attorney's fees incurred by Plaintiff's in connection with this proceeding and for such other and further relief as this court shall determine to be just and equitable in the circumstances.

Respectfully submitted,

/s/ Howard Jones
    Howard Jones

/s/ Vicki Jones
    Vicki Jones

/s/ Frank J. Cimino
FRANK J. CIMINO, #0007323
Attorney for Plaintiffs
250 South Chestnut Street, Suite #18
Ravenna, Ohio 44266
(330) 297-5788
officef3@sbcglobal.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that the below parties were served at the following addresses on the 29th day of March 2016, to the following, and via regular U.S. Mail pursuant to Fed. R. Bank P. 2002(g)(1)(A):

U.S. Trustee (via ECF)

Kathryn A. Belfance, Chapter 7 Trustee (via ECF)

E. Lee Wagoner, Jr. (ECF & regular US Mail)
Attorney for Burns, James R.
2351 Becket Circle
Stow, Ohio 44224

/s/ Frank J. Cimino
FRANK J. CIMINO, #0007323