IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | Chapter 7 |
| JAMES RONALD BURNS | Adversary Case No._____ |
| (& d.b.a. Brookstone G.C. by Design, Inc.) | |
| Debtor | Case No. 15-52933 |

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ELIZABETH DUERR (n.k.a. Tomeko) | Judge Alan Koschik |
| 2762 State Route 303 | |
| Mantua, Ohio 44255 | |
| Plaintiffs | **COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a) (2), (4) and (6)** |
| vs. | |
| JAMES RONALD BURNS | |
| 1573 Willimantic Drive | |
| Virginia Beach, VA 23456 | |
| Defendant | |

_____

Now comes Plaintiff, Elizabeth Duerr, by and through counsel, and for her Complaint against James R. Burns, states:

1. This Court has subject matter jurisdiction over the within adversary proceeding pursuant to Title 28, U.S. Code, Sections 1334 and 157.

2. This Court also has jurisdiction over this proceeding pursuant to Title 28 U.S.C. Section 1334, in that this proceeding arises in bankruptcy case no. 15-52933-amk

filed by James Ronald Burns under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

3. This is a core proceeding pursuant to Title 28, U.S. Code Section 157.

4. Plaintiff is a creditor of the Defendant in the within case which was filed on December 7, 2015.

5. This Court imposed a deadline of April 4, 2016 for the filing of Complaints to Determine the Dischargeability of Debts.

6. This is an adversary proceeding to determine the non-dischargeability of Defendant's debt to the Plaintiff.

7. Defendant is indebted to the Plaintiff in the sum of approximately $128,706.88 as a result of fraudulent misrepresentations, concealments and conversions made and other actual fraud and theft willfully and maliciously committed by Defendant to the injury of Plaintiffs in connection with and to induce Plaintiff's to enter into a contract with Defendant.

**FACTUAL BACKGROUND**

1. Plaintiff, Elizabeth Duerr owns a home located at 2762 State Route 303, Mantua, Portage County, Ohio.

2. Plaintiff would represent that they along with the Defendant, Burns entered into a written contract for the construction of a barn on or about May 5, 2014. The amount of the contract was for $92,000.00. (Exhibit A)

3. Defendant required Plaintiff to pay the sum of $55,000.00 down and requested that Plaintiff pay in sums less than $9,000.00 each due to tax issues. Plaintiff paid the Defendant as follows:

Paid by checks all dated June 5, 2014 (Exhibit B)

| Check # | Amount Paid |
|---|---|
| 1025 | $9,000.00 |
| 1026 | $9,000.00 |
| 1027 | $9,000.00 |
| 1029 | $9,000.00 |
| 1030 | $9,000.00 |
| 1031 | $9,000.00 |
| 1032 | $1,000.00 |

4. Between July 1, 2014 and December 17, 2014 Defendant caused 4 contractual change orders to be implemented. Plaintiff later discovered this to be called front-loading and under bidding. By this time, Plaintiff had paid to Defendant the total sum of $160,389.45 for materials and only a shell of a barn to show for it. (Exhibit C)

5. A significant amount of funds have been paid by Plaintiff out of pocket to pay for materials and sub-contractors towards the repairs and completion of the barn, arena and fencing with much still to be done.

6. Plaintiff states that Defendant-Burns ordered from Carter Jones Lumber materials and instead of using the monies that he received from the Plaintiff that he specifically represented he needed to purchase materials, he took the money and then charged the materials that were delivered to Plaintiff's property. He then subsequently removed a large amount of building materials from Plaintiff's property. It was discovered that most of the materials and items purchased were not for Plaintiff's property.

7. As a direct result of the above, Carter Jones Lumber Company recorded a Mechanic's Lien against Plaintiff's property in the amount of $23,317.43 on December 22, 2014 (Exhibit D). Upon request of Plaintiff to Carter Jones Lumber by way of subpoena it was discovered that although Plaintiff paid cash to Defendant-Burns for materials, Burns "charged" the materials against Plaintiff's property. Upon further investigation, Defendant, on October 24, 2014 had charged four (4) generators charged to the account ($1,391.00) and a 24' fiberglass extension ladder ($249.00) and then took delivery and removed those items from Plaintiff's property. Plaintiff at no time authorized Defendant to incur debt to Carter Jones Lumber on her behalf, which was not approved nor necessary, due to having paid Defendant up front for materials, essentially fraudulently charging them and then stealing them from the homesite.

8. Carter Jones Lumber Company filed suit against Defendant-Burns in Portage County Case No. 2015 CV 00317 (Exhibit E). Said Complaint, on its Exhibit lists the within Plaintiff (Duerr) and several other parties for purchases and returns. Said suit was stayed due to the within bankruptcy. Defendant fails to list this lawsuit in his Statement of Financial Affairs.

9. Plaintiff herein has filed criminal charges against Defendant for fraud and theft and the same is being reviewed by the Portage County Prosecutor's Office. Defendant has pending criminal charges on an indictment in Portage County for theft from another creditor.

WHEREFORE, Plaintiffs pray that this Court determine that Defendant's debt to Plaintiff in an amount of approximately $128,706.88 and the Carter Jones Lumber Company Mechanic's

Lien in the amount of $23,317.43 along with statutory interest and said debt be excepted from discharge pursuant to 11 U.S.C. §523(a) (2), (4) and (6); that this Court issue an order releasing the Mechanic's Lien from Plaintiff's property; and a judgment against Defendant and in favor of Plaintiffs' for said amounts, for the costs of this proceeding, for attorney's fees incurred by Plaintiff's in connection with this proceeding and for such other and further relief as this court shall determine to be just and equitable in the circumstances.

Respectfully submitted,

/s/ Frank J. Cimino
FRANK J. CIMINO, #0007323
Attorney for Plaintiffs
250 South Chestnut Street, Suite #18
Ravenna, Ohio 44266
(330) 297-5788
officef3@sbcglobal.net

/s/ Elizabeth Duerr
  Elizabeth Duerr

### CERTIFICATE OF SERVICE

The undersigned certifies that the below parties were served at the following addresses on the 29th day of March 2016, to the following, and via regular U.S. Mail pursuant to Fed. R. Bank P. 2002(g)(1)(A):

U.S. Trustee (via ECF)

Kathryn A. Belfance, Chapter 7 Trustee (via ECF)

E. Lee Wagoner, Jr. (ECF & regular US Mail)
Attorney for Burns, James R.
2351 Becket Circle
Stow, Ohio 44224

/s/ Frank J. Cimino
FRANK J. CIMINO, #0007323